IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRETT L. ROACH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  2:08cv672-CSC |
| ) | (WO) |
| AKAL SECURITY, INC., ) | |
| a foreign corporation, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

In this action, the plaintiff, Brett L. Roach ("Roach"), alleges that he was wrongfully terminated from his employment and retaliated against because of his race, Native American. He brings his claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), and 42 U.S.C. § 1981.  The court has jurisdiction of the plaintiff's claims pursuant  to 28 U.S.C. § 1331 and the jurisdictional grant in 42 U.S.C. § 2000e-5.  Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

Now pending before the court is the defendant's motion to dismiss count two, retaliation pursuant to 42 U.S.C. § 1981, and count three, retaliation under Title VII, of the plaintiff's complaint (doc. # 9).  After careful review of the motion and the plaintiff's response, the court concludes that the defendant's motion to dismiss is due to be granted in part and denied in part.

**STANDARD OF REVIEW**

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one." *Scheuer v. Krause*, 416 U.S. 232 (1974). In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor. *Duke v.* Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1964 (2007), "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

**DISCUSSION**

**A. Retaliation pursuant to Title VII.** Roach alleges that he was retaliated against for opposing unlawful conduct and participating in an investigation of unlawful conduct in violation of Title VII and 42 U.S.C. § 1981. Title VII's prohibition against discrimination in the workplace is well-settled.[1] However, the defendant argues that Roach's retaliation claim pursuant to Title VII should be dismissed because he did not file this action in a timely manner; that is, within ninety (90) days of his receipt of the right to sue letter, and thus, is

---

[1] Title VII provides that it "shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . .." 42 U.S.C. § 2000e- 2(a)(1)

time barred from proceeding in federal court.

Roach has 90 calendar days from the date he received his notice of his right to sue from the EEOC to file a civil action in the United States District Court. 42 U.S.C. § 2000e-5(f)(1); *See also Law v. Hercules, Inc.*, 713 F.2d 691, 692 (11th Cir. 1983); *Zillyette v. Capital One Financial Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999). Under Title VII, failure to file a complaint within the 90-day time period bars the action. 42 U.S.C. § 2000e-5(f)(1). The ninety day period begins to run upon receipt of the right to sue letter. *Stallworth v. Wells Fargo Armored Servs. Corp.*, 936 F.2d 522, 524 (11th Cir. 1991).

The plaintiff concedes that his Title VII retaliation claim "dated August 19, 2008, was filed in excess of ninety (90) days subsequent to receipt of his Notice of Right to sue letter." (Pl's Res. to Def's Mot. to Dismiss, doc. # 17, at 3). Thus, the court concludes that the defendants' motion to dismiss count three of Roach's complaint is due to be granted.

**B. Retaliation pursuant to 42 U.S.C. § 1981.** Relying on *Andrews v. Lakeshore Rehabilitation Hosp.*, 140 F.3d 1405 (11th Cir. 1997), the defendant argues that Roach's retaliation claim pursuant to 42 U.S.C. § 1981 should be dismissed because the plaintiff's complaints were not about *his* race.

> Because plaintiff does not allege that he was retaliated against for either opposing discrimination against Native Americans or for participating in an investigation alleging such discrimination, his retaliation claim under 42 U.S.C. § 1981 is due to be dismissed as a matter of law.

(Def's Mot. to Dismiss, doc. # 5, at 7).

The defendant reads this, and other fact-specific cases too narrowly, particularly in

3

light of the fact that *Andrews*, *supra*, was decided prior to the 1991 Civil Rights Act.[2]

More importantly, however, the Supreme Court answered in the affirmative the question of whether section 1981 "encompasses a complaint of retaliation against a person who has complained about a violation of another person's contract-related "right. *See CBOCS West, Inc. v. Humphries*, ___ U.S. ___, ___, 128 S.Ct. 1951, 1954 (2008). In *CBOCS West*, the Court held that section 1981 encompasses retaliation claims and permits the plaintiff's cause of action.

Furthermore, as early as 1969 and as recently as 2005, the Court made clear that "retaliation claims extend to those who oppose discrimination against others." *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 180 (2005) *citing Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229, 237 (1969) (stating a cause of action under 42 U.S.C. § 1982 for retaliation if a person can demonstrate that he was "punished for trying to vindicate the rights of minorities."). The defendant's reliance on *Andrews, supra*, is misplaced, and its position that Roach's § 1981 retaliation claim should be dismissed because the complaints were not about *his* race is simply wrong.[3]

---

[2] In 1989, the Supreme Court significantly limited the application of 42 U.S.C. § 1981 in *Patterson v. McLean Credit Union*, 491 U.S. 164 (1989). In 1991, Congress responded by enacting the Civil Rights Act of 1991 to specifically supersede the adverse effects of *Patterson*.

[3] *Andrews* does establish that § 1981 encompasses a cause of action for retaliation. This cause of action includes retaliation for a plaintiff's opposition to race discrimination, whether or not he personally is the victim of that race discrimination. *See* . . . [*Jackson v. Motel 6 Multipurpose, Inc.*130 F.3d 999, 1007 (11th Cir. 1997)] (noting that plaintiff employees who were retaliated against when they refused to participate in their employer's discrimination against non-white customers could proceed with a retaliation claim under § 1981(b)) . . . Our decision in *Little* [*v. United*

## CONCLUSION

Accordingly, for the reasons as stated, it is

ORDERED that the defendant's motion to dismiss Count III of the complaint be and is hereby GRANTED and the plaintiff's claim for retaliation pursuant to Title VII be and is hereby DISMISSED.  It is further

ORDERED that the defendant's motion to dismiss Count II of the complaint be and is hereby DENIED.

Done this 15th day of October, 2008.

                    /s/Charles S. Coody
               CHARLES S. COODY
               UNITED STATES MAGISTRATE JUDGE

---

*Technologies*, 103 F.3d 956 (11th Cir.1997)] might be read to require that the claimed retaliation be directly due to the race of the plaintiff, but we do not believe *Little* goes that far. If we were to read *Little* in that way all "retaliation" claims under § 1981 would be nothing more than race discrimination claims. That would not make sense in light of our holding in *Andrews* that there is a claim for § 1981 retaliation.

*Tucker v. Talladega City Schools,* 171 Fed.Appx. 289, 295-296, 2006 WL 688967, 5 (11th Cir. 2006).